**NATIONAL RIGHT TO WORK LEGAL
DEFENSE FOUNDATION, INC.**
*Milton L. Chappell
*Ángel J. Valencia
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
mlc@nrtw.org
ajv@nrtw.org

*Attorneys for Plaintiff and Requested Classes*

*Motion for pro hac vice pending

**BARNETT LAW FIRM**
Colin L. Hunter
1905 Wyoming Boulevard Northeast
Albuquerque, New Mexico 87112
(505) 275-3200
colin@theblf.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAVID MCCUTCHEON,** individually and as representative of the requested classes.

Plaintiff,

v.

**COMMUNICATIONS WORKERS OF AMERICA (CWA), LOCAL 7076; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC; JUSTIN NAJAKA,** in his official capacity as Director of the New Mexico State Personnel Office.

Defendants.

**Case No.**

**COMPLAINT – CLASS ACTION**

**Constitutional Violation Action (42 U.S.C. § 1983), Declaratory Judgment, Injunctive Relief, and State Law Conversion Action**

### INTRODUCTION

1.      On June 27, 2018, the Supreme Court held it unconstitutional for public-sector unions and employers to collect/deduct union dues or fees ("forced fees") from public employees without their affirmative consent and knowing waiver of their First Amendment rights. *Janus v. AFSCME, Council* 31, 138 S.Ct. 2448, 2486 (2018).

2.      Plaintiff McCutcheon ("McCutcheon") is a public employee of the State of New

Mexico and is a member of the employee bargaining unit represented by the Union Defendants.

3.     After being notified of McCutcheon's decision to revoke any prior dues deduction authorization, the State of New Mexico nonetheless continued following *Janus* to deduct dues/fees from his paychecks, in furtherance of the Union's restrictive revocation policies.

4.     Defendants have violated the First and Fourteenth Amendments to the United States Constitution and have committed the tort of conversion of property by automatically having compulsory union fees deducted from McCutcheon and the class members he seeks to represent ("class members").

5.     Defendants Communications Workers of America ("CWA") and Communications Workers of America, Local 7076 ("CWA 7076") (together and hereinafter, "the Union") maintain and enforce policies, including the dues deduction provisions of the existing collective bargaining agreement with the State of New Mexico under which it will collect, directly or indirectly, union dues from the wages of public employees, even those who have notified the Union of their resignation from union membership and revocation of their prior dues deduction authorizations unless and until that notification is provided to the Union during a specified limited window period that occurs in the future.

6.     Defendants are violating the First Amendment rights of McCutcheon and of the proposed class of public employees subject to its revocation policy, by collecting/deducting union dues from their wages without their consent and severely restricting their exercise of their First Amendment right under *Janus* not to subsidize unions.

7.     McCutcheon seeks for himself and similarly situated employees: (a) a declaratory judgment that the revocation policies of the Union and the collection/deduction of union dues without his consent, including the application of the dues deduction checkoff provisions of the

collective bargaining agreement, are unconstitutional and unenforceable; (b) injunctive relief that prohibits the maintenance and enforcement of the unconstitutional policies, actions and provisions; and (c) compensatory and nominal damages.

8.    McCutcheon brings this civil rights action, pursuant to 42 U.S.C. § 1983 and this state tort law of conversion of property for replevin and restitution under the Court's supplemental jurisdiction, on behalf of himself and all other similarly situated, seeking: (a) a judgment declaring Defendants' practices of forcing them to pay fees to fund union activity of any kind violate the First Amendment and was an illegal conversion of their property; (b) judgment declaring the forced fee provisions of the collective bargaining agreement covering McCutcheon's and class members' bargaining unit violate the First Amendment and are null and void; (c) judgment declaring Article 4 Section 1c of the collective bargaining agreement, which limits employees' dues deduction revocation rights to a yearly two-week window in December, violates the First Amendment and is null and void; (d) judgment declaring Article 3 Section 1 of the collective bargaining agreement, which compelled  employees to pay nonmember fees to the Union and affiliates as a condition of employment, violates the First Amendment and is null and void; (e) damages from Defendants for, or replevin, refund or restitution of all unlawfully seized forced fees and conversion from McCutcheon and class members that Defendants demanded or received; (f) injunctive relief that prohibits the maintenance and enforcement of the unconstitutional policies, actions and provisions, along with compensatory and nominal damages, and (g) costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

9.    This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities

secured to Plaintiff McCutcheon and class members by the Constitution of the United States, particularly the First and Fourteenth Amendments.

10.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

11.     This action is an actual controversy in which Plaintiff McCutcheon seeks a declaration of his rights under the Constitution of the United States.  Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare Plaintiff McCutcheon's rights and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

12.     Plaintiff McCutcheon also requests this Court to take supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over his state tort law of conversion of property for replevin and restitution, and any other legal or equitable cause of action that offers refund or restitution of personal property that was unlawfully seized or received by or on behalf of Defendants.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and division and Defendants operate and do business in this judicial district and division.

## PARTIES

14.     Plaintiff David McCutcheon ("McCutcheon") resides in Bernalillo County, New Mexico and works in Santa Fe County, New Mexico.

15.     Defendant Communications Workers of America, Local 7076 ("CWA 7076") whose office is located at 460 St. Michael's Drive, Suite 1001, Santa Fe, New Mexico 87505 is a local public sector labor union and a branch of Defendant Communications Workers of America ("CWA").  The Union is the exclusive representative for collective bargaining purposes of many

employees of the State of New Mexico.

16.    Defendant Communications Workers of America, AFL-CIO, CLC ("CWA") is a national labor union with Defendant CWA 7076 as one of its branches.  Its District 7 geographical subdivision conducts business throughout New Mexico and is headquartered at 8085 East Prentice Avenue, Greenwood Village, Colorado 80111-2745.  The Union entered into a collective bargaining agreement with the State of New Mexico, which terms are enforced on bargaining unit members of the State of New Mexico.

17.    Defendant Justin Najaka is the Director of the New Mexico State Personnel Office ("SPO"), the state government agency that provides personnel administration to New Mexico State employees in accordance with the New Mexico Personnel Act. N.M. Stat. Ann. § 10-9-2.  SPO is responsible for deducting dues from Plaintiff McCutcheon and remitting them to the Union.  Defendant Najaka is an agent of the State of New Mexico and is being sued in his official capacity.

## FACTUAL ALLEGATIONS

18.    Plaintiff David McCutcheon, an information systems professional, is an employee of the New Mexico Department of Information Technology ("DoIT"), a government agency of the State of New Mexico.

19.    For a number of years, McCutcheon was detailed to the New Mexico Governor's Office.  In such capacity, he was exempted from having to pay Union membership dues or nonmember forced fees.

20.    Upon his return to the DoIT Offices, the Union informed McCutcheon that as a condition of employment, he was required to either pay full dues as a Union member or pay nonmember forced fees.

21.    On April 21, 2017, McCutcheon completed a CWA "Membership Application"

and a CWA "Authorization of Deduction from Salary Equivalent Union Dues." The latter was a checkoff card authorizing the deduction of nonmember fees from McCutcheon's wages. SPO personnel informed McCutcheon that he was going to be regarded as an equivalent union dues (forced fees) payer.

22.     The Union's "Membership Application" Form states: "Yes, I want Communications Workers of America to be my collective bargaining representative, and I accept membership in the Union. I authorize you to deduct Union dues from my pay and send them to CWA."

23.     The Union's "Authorization of Deduction from Salary Equivalent Union Dues" states:

> "I hereby authorize you to deduct each pay period from my salary or wages the amount equal to regular Union dues as certified by the Secretary-Treasurer of the Communications Workers of America. This authorization is voluntarily made and is neither conditioned on my present or future membership in the Union, nor is it to be considered as a quid pro quo for membership. Each amount so deducted shall be remitted to the Treasurer of Communications Workers of America or their authorize (sic) agent. If for any reason the Employer fails to make a deduction, I authorize the Employer to make such a deduction in a subsequent payroll period."

24.     Between at least April 2017 and June 2018, McCutcheon was regarded as a Union nonmember pursuant to the signed "Authorization of Deduction from Salary Equivalent Union Dues." As such, forced fees were automatically deducted from his wages and transferred to the Union. Pursuant to the forced fee provision of the collective bargaining agreement, McCutcheon was forced to either join the union and pay dues or, alternatively, to pay nonmember fees to the Union as a condition of employment.

25.     Defendants imposed and received these forced fees from McCutcheon and class members pursuant to the collective bargaining agreement provision between the State of New

Mexico and the Union that authorized these automatic deductions and transfer of McCutcheon's wages, directly or indirectly, to the Union.  The collective bargaining agreement's forced fee provision states that "[e]mployees who have completed their probationary period and who are not members of the Union shall, as a condition of continuing employment, pay to the Union each pay period a "fair share" payment in the amount certified by the Union (Agency Fee Payer)." 2009-2011 CWA/State of New Mexico Collective Bargaining Agreement Article 3 Section 1. Available at: http://cwa7076.org/resources/union-contracts-2/state-of-new-mexico-contract/ (last visited December 11, 2018).

26.     In keeping with the forced fee provisions in the collective bargaining agreement, the State of New Mexico, through the SPO, automatically deducted moneys from McCutcheon's and class members' wages, without their knowing waiver of their First Amendment rights.  On July 7, 2018, McCutcheon notified the Union, in writing, that he did not consent to any deduction of union dues or fees from his wages.  A Union official responded in writing by stating that the request had been "submitted for processing."   Notwithstanding McCutcheon's notification, in September 2018, the State of New Mexico started deducting full union dues from McCutcheon's wages without his consent.  The collective barraging agreement's full dues deduction provision states that the "[e]mployer will honor voluntary uniform Union membership dues deduction authorizations.  The amount of dues shall be certified in writing and shall be certified in writing and shall not include special assessments, penalties, or fines of any type." 2009-2011 CWA/State of New Mexico Collective Bargaining Agreement Article 4 Section 1a. Available at: http://cwa7076.org/resources/union-contracts-2/state-of-new-mexico-contract/ (last visited December 11, 2018).

27.     Neither the Union's membership form or forced fee checkoff authorization contain language that informs potential signatories: (a) that they have a First Amendment right not to subsidize the union and its speech; or (b) that, by signing the cards, they are waiving their First Amendment right to not subsidize the union and its speech.

28.     The Union's revocation policy states:

> "The duty of the Employer to honor membership dues deduction authorizations shall continue until the employee instructs the Employer and the Union in writing to end such deduction, as long as such employee instruction to end dues deduction is made during the first two (2) full calendar weeks of December of any year that this Agreement is in effect."

> 2009-2011 CWA/State of New Mexico Collective Bargaining Agreement Article 4 Section 1c.  Available at: http://cwa7076.org/resources/union-contracts-2/state-of-new-mexico-contract/ (last visited November 9, 2018).

29.     The Union's revocation policy is enforced by the State of New Mexico that, in coordination with the Union and at its behest, deducts union dues from the employees' wages and remits those monies to the Union pursuant to dues deduction agreements and dues checkoff provisions.   The Union has failed and refused to terminate its revocation policy after McCutcheon's notification of revocation of consent.

30.     Pursuant to its revocation policy, the Union continued to collect and have the State of New Mexico deduct union dues from McCutcheon and other State employees after they notified the union that they did not consent to paying union dues or forced fees.  Unless enjoined from so doing, the Union and the State of New Mexico will continue to collect/deduct union dues from McCutcheon and other State employees unless and until a specified window period is reached.

31.     On information and belief, the Union has enforced, and will continue to enforce, its revocation policy against public employees by collecting and having public employers deduct

union dues from public employees who notified the union that they do not consent to paying union dues.

32.     At all relevant times, McCutcheon has been subject to the exclusive representation of the Union and subject to the collective bargaining agreement between the Union and the State of New Mexico.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff McCutcheon brings this case as a class action on behalf of the Forced Fee Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for himself and for all others similarly situated, and any subclasses deemed appropriate by this Court.

34.     Plaintiff McCutcheon brings this case as a class action on behalf of the Full Dues Class pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for himself and for all others similarly situated, and any subclasses deemed appropriate by this Court.

35.     Plaintiff McCutcheon is the class representative of the Forced Fee Class, which consists of all individuals: (a) who are New Mexico State employees exclusively represented for purposes of collective bargaining by the Union as described above and (b) who prior to June 27, 2018, were compelled to pay a nonmember fee to the Union as a condition of their employment. The class includes everyone who comes within the class definition at any time from three years prior to the commencement of this action until the conclusion of this action.  The definition of the class is unambiguous.

36.     Plaintiff McCutcheon is the class representative of the Full Dues Class, which consists of all individuals: (a) who are New Mexico State employees exclusively represented for purposes of collective bargaining by the Union as described above, (b) who resigned union

membership and revoked their consent to the payment of any union dues and (c) who had or are still having union dues deducted from their wages in spite of such resignation and revocation request. The class includes everyone who comes within the class definition at any time from the time of resignation from union membership and revocation of consent to the payment of dues. The definition of the class is unambiguous.

37.     Upon information and belief, there are likely hundreds of class members in each class. Their number is so numerous and in varying locations and jurisdictions across New Mexico that joinder is impractical. The precise number of class members in each class is unknown to McCutcheon, but it is clear that the number greatly exceeds the number to make joinder feasible.

38.     There are questions of law and fact common to all class members in each class over the questions affecting only individual class members. Factually, the State of New Mexico continued to deduct union dues/fees from all class members of the Full Dues Class despite their resignation of union membership and revocation of their authorization to the deduction of union dues or fees that was authorized at a time when the relevant collective bargaining agreement included a forced fee provision and prior to June 27, 2018, when the U.S. Supreme Court in *Janus v. AFSCME* recognized the First Amendment right not to subsidize union activity. These deductions violate McCutcheon's and Full Dues class members' First Amendment rights.

39.     McCutcheon's claims and defenses are typical of other members of the Forced Fee Class. Factually, the State of New Mexico seized nonmember forced fees from all members of the Forced Fee Class, without their affirmative and knowing consent, in violation of their First Amendment right to not subsidize union activity, which was recognized by the U.S. Supreme Court in *Janus v. AFSCME*.. These deductions violate McCutcheon's and Forced Fee class

members' First Amendment Rights.

40.     McCutcheon's claims and defenses are typical of other members of the Full Dues Class because the State of New Mexico is currently seizing, or has seized, full union dues from all class members in violation of their First Amendment right to not subsidize union activity without their affirmative consent and known waiver of that First Amendment right which was recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

41.     McCutcheon can fairly and adequately represent the interests of both classes and has no conflict with each other, similarly situated class members.  McCutcheon also has no interest antagonistic to others who have been subjected by the State of New Mexico and the Union to the aforementioned union dues/fee deductions.  McCutcheon's counsel will fairly and adequately protect the interests of the class members in both classes.

42.     For the Forced Fee Class identified above, the Union's duty to return all forced fees collected up to three years prior to the commencement of this action until the conclusion of this action, applies equally to McCutcheon and these class members, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

43.     For the Full Dues Class identified above, each of the Union's and the State of New Mexico's duty to cease the union dues deductions and return all monies deducted since McCutcheon's each class member's resignation of union membership and revocation of his or her authorization of union dues deductions, applies equally to McCutcheon and these class members, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

44.     For each of the classes identified above, the State of New Mexico and the Union have acted to deprive McCutcheon and the class members of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to each respective class as a whole.

45.     Each respective class action can be maintained under FRCP Rule 23(b)(1)(A) because separate actions by class members in each class run the risk of inconsistent adjudications on the underlying legal issues.

46.     Each respective class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of union dues/fees deductions in the aforementioned circumstances, as a practical matter, will be dispositive of the interests of all class members in each class.

47.     Each respective class action can be maintained under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the members of the respective classes predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all members of each respective class, i.e. whether the aforementioned dues/fees deductions violate their First Amendment rights and whether certain dues deduction agreements constitute a valid waiver of a constitutional right if they are signed when the relevant collective bargaining agreement included a forced fee provision and before the First Amendment right not to subsidize union activity was recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

48.     Each respective class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by the respective Defendants' actions, differing only in the

amount of money deducted.  This fact is known to Defendants and easily calculated from Defendants' business records.  The limited amount of money involved in the case of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

49.     The illegal and unconstitutional actions by Defendants were taken pursuant to the collective bargaining agreement checkoff provisions and the Union's policies restricting the right to revoke prior dues deduction authorizations, and constitute a concerted scheme resulting in a violation of McCutcheon's and class members' First Amendment rights.

## CAUSES OF ACTION

50.     Plaintiff McCutcheon re-alleges and incorporates by reference the paragraphs set forth above in each Count of the Complaint.

51.     The Union acts under color of state law, N.M. Stat. Ann. § 10-7E-17, by maintaining and enforcing its revocation policy and by collecting and having the State of New Mexico deduct union dues from public employees who have notified the Union and/or the State of New Mexico that they do not consent to paying union dues.

52.     The Supreme Court in *Janus* held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486.

## COUNT I

**(Full dues deductions without consent and waiver of First Amendment rights violate 42
U.S.C. § 1983
and the First and Fourteenth Amendments)**

53.     The Union's maintenance and enforcement of its restrictive revocation policies and deduction of union dues from the wages of McCutcheon and Full Dues class members without the affirmative authorization and knowing waiver of their First Amendment rights violates McCutcheon's and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

54.     McCutcheon and class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' checkoff and restrictive revocation policies, provisions and continued deductions of union dues.

## COUNT II

### (Forced fee deductions violate 42 U.S.C. § 1983 and the First and Fourteenth Amendments)

55.     By and through N.M. Stat. Ann. § 10-7E-9 and the terms of the forced fee provisions of the collective bargaining agreement between the State of New Mexico and CWA, as well as the automatic seizure of forced fees from plaintiffs' and class members' wages, Defendants have compelled McCutcheon and class members to financially support the respective unions and affiliates.

56.     As a result of the actions set forth in the forgoing paragraph, Defendants have violated McCutcheon's and class members' First Amendment rights, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, not to associate with or financially support a labor organization and its affiliates as a condition of employment, or to have forced fees deducted from their wages without their affirmative consent and knowing waiver of their First Amendment rights and transferred, directly or indirectly, to Defendants.

14

## COUNT III

**(State Law Conversion of Property for Replevin and Restitution of Property)**

57.     During the employment of McCutcheon and all class members within the bargaining unit represented by the Union and its affiliates, McCutcheon and class members earned lawful wages from the State of New Mexico.

58.     Although McCutcheon and Forced Fee class members did not consent to the transfer of any of their wages to the Union and its affiliates while they were not considered Union members, out of each paycheck, the Union unlawfully and without consent received, directly or indirectly, the seized private property, the wages, of McCutcheon and Forced Fee class members and used the unauthorized deductions from their wages for the Union's own uses and purposes.

59.     Defendants ceased the unauthorized nonmember forced fee deductions as of June 27, 2018, but did not return the deductions taken prior to such date.

60.     The Union and its affiliates have committed the tort of conversion of property by appropriating the wages of Plaintiff McCutcheon and Forced Fee class members without securing their knowing, affirmative and freely given consent.  They are liable in an action for tort, conversion of property for replevin and restitution (and any other legal or equitable causes of action).  Plaintiff McCutcheon and Forced Fee class members are entitled to the rebate or return of, or damages for, the unlawful seizure of their personal property by the deduction of forced fees from their wages without their consent and transfer, directly or indirectly, to the Union.

61.     This Court has original jurisdiction over Counts I and II raising violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983.

62.     The state law claims of Count III are related to the claims of Counts I and II and arise out and from part of the same case or controversy so that the Court should take supplemental jurisdiction over the state law claims of Count III, pursuant to 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

Wherefore, Plaintiff McCutcheon requests that this Court:

A.     **Class Action:** Enter an order, as soon as practicable, certifying this case as a class action, certifying the two classes as defined in the complaint, certifying McCutcheon as class representative for both classes, and appointing McCutcheon's counsel as class counsel for the classes;

B.     **Declaratory Judgments:** (i) Enter a declaratory judgment that all pertinent statutes, forced fee provisions of the collective bargaining agreement that compelled McCutcheon and class members to pay nonmember fees to the Union and affiliates as a condition of employment, the deductions of forced fees, and the receipt and use of those forced deductions by Defendants are unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment to the United States Constitution, and are null and void; (ii) Enter a declaratory judgment that Defendants committed the tort of conversion in entering into and enforcing forced fee provisions and receiving and using McCutcheon's and class members' forced fee deductions; (iii) Enter a declaratory judgment that the revocation policies put in place by the Union are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and unenforceable; (iv) Enter a declaratory judgment that the Union violates the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by

collecting and having the State of New Mexico deduct union dues from public employees who do not consent to paying union dues or who notify the union that they no longer consent to paying union dues.

C.      **Damages:** Enter a judgment awarding McCutcheon and class members compensatory damages, refunds or restitution in the amount of forced fees deducted or required to be paid, directly or indirectly, to the Union from their wages without their affirmative and knowing consent.

D.      **Replevin or Restitution:** Enter a judgment for Defendants' conversion of McCutcheon's and Forced Fees class members' wages, awarding them replevin or restitution of the amount of forced fees deducted or required to be paid, directly or indirectly, to the Union from their wages without their written consent.

E.      **Injunctive Relief:** (i) Permanently enjoin the Union, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing its revocation policies and from collecting and having public employers deduct union dues from public employees who notify the union that they do not consent to paying union dues; (ii) Permanently enjoin the State of New Mexico from carrying out dues deductions— pursuant to the Union's revocation policies— from employees' paychecks; (iii) Order Defendants to reimburse to class members the amount of money equal to the unlawfully and improperly withheld union dues from the date of demand of revocation of consent and assertion of First Amendment rights by the class members, plus applicable interest.

F.      **Costs and Attorneys' Fees**: Award Plaintiff McCutcheon and class members their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act

of 1976, 42 U.S.C. § 1988.

G. **Other Relief:** (i) Require the Union to provide McCutcheon and all class members with written notice that its revocation policies are unconstitutional and unenforceable and that they can exercise their First Amendment right to not pay union dues without their consent at any time; and (ii) Grant other and additional relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

Date:  December 20, 2018

> **BARNETT LAW FIRM**
> */s/ Colin Hunter*
> Colin L. Hunter
> Attorneys for Plaintiff David McCutcheon and
> the Requested Classes
> 1905 Wyoming Blvd. NE
> Albuquerque, New Mexico 87112
> (505) 275-3200
>
> */s/ Milton L. Chappell*
> Milton L. Chappell (*pro hac vice* to be filed)
> */s/ Ángel J. Valencia*
> Ángel J. Valencia (*pro hac vice* to be filed)
> **c/o National Right to Work Legal
> Defense Foundation, Inc.**
> 8001 Braddock Road, Suite 600
> Springfield, VA 22160
> (703) 321-8510
> mlc@nrtw.org
> ajv@nrtw.org
>
> Attorneys for Plaintiff David McCutcheon and
> the Requested Classes