## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DAVID McCUTCHEON, individually and as representative of the requested class,

Plaintiff,

v.

COMMUNICATIONS WORKERS OF AMERICA (CWA), LOCAL 7076; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC; PAMELA D. COLEMAN, in her official capacity as Director of the New Mexico State Personnel Office.

Defendants.

Case No. 18-CV-1202 MV-JHR

ANSWER OF DEFENDANTS COMMUNICATIONS WORKERS OF AMERICA, LOCAL 7076; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**ANSWER OF DEFENDANTS COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC AND CWA LOCAL 7076 TO SECOND AMENDED COMPLAINT**

1. Paragraph 1 states legal conclusions to which no response is required. To the extent that a response is required, Communications Workers of America, AFL-CIO, CLC ("CWA") and CWA Local 7076 (hereinafter, "Union Defendants") deny the allegations of Paragraph 1.

2. Union Defendants deny all allegations of Paragraph 2.

3. Union Defendants admit that, according to their records, Plaintiff McCutcheon is a public employee of the State of New Mexico and is a member of the employee bargaining unit exclusively represented by CWA Local 7076.

1

4. Union Defendants admit that, according to their records, Plaintiff McCutcheon signed a dues deduction authorization form. Union Defendants deny all other allegations of Paragraph 4.

5. Union Defendants admit that, according to their records, from approximately September 28, 2018 to December 3, 2018, the State deducted union dues from Plaintiff McCutcheon's paychecks. Union Defendants deny all other allegations of Paragraph 5.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 6.

7. Union Defendants admit that, prior to April 29, 2019, Article 4, Section 1c of the collective bargaining agreement between CWA Local 7076 and the State permitted a union member to revoke authorization for union dues deductions only "during the first two (2) full calendar weeks of December of any year that [the] Agreement is in effect." Union Defendants deny all other allegations of Paragraph 7.

8. Paragraph 8 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 8.

9. Union Defendants admit that Plaintiff purports to bring his case under 42 U.S.C. § 1983 and on behalf of himself and others similarly situated. Union Defendants admit that Plaintiff's Second Amended Complaint seeks all of the purported relief listed as parts (a) to (j) of Paragraph 9. Union Defendants deny all liability to Plaintiff and deny that Plaintiff is entitled to any relief sought in this action, and on that basis deny all other allegations of Paragraph 9.

10. Union Defendants admit that Plaintiff purports to bring this case under 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the U.S. Constitution. Union Defendants

deny all liability to Plaintiff and deny that Plaintiff is entitled to any relief sought in this action, and on that basis deny all other allegations of Paragraph 10.

11. Union Defendants admit that Plaintiff purports to bring this case under the constitution and laws of the United States and purports to bring a claim for redress as described in 28 U.S.C. § 1343, therefore this Court has subject matter jurisdiction except that Union Defendants deny that Plaintiff's claims are justiciable.

12. Union Defendants deny that Plaintiff's action states an actual case or controversy. Union Defendants admit that Plaintiff purports to seek a declaration of his rights under the Constitution of the United States. The remaining allegations in Paragraph 12 state a legal conclusion to which no response is required. To the extent that a response is required, Union Defendants deny the remaining allegations of Paragraph 12.

13. Union Defendants admit the allegations of Paragraph 13.

14. Union Defendants admit the allegations of Paragraph 14.

15. Union Defendants admit the allegations of Paragraph 15.

16. Union Defendants admit the allegations of Paragraph 16.

17. Union Defendants admit that Pamela D. Coleman is the Director of the New Mexico State Personnel Office ("SPO"). Union Defendants admit that SPO is a state government agency that provides personnel administration to New Mexico State employees in accordance with the New Mexico Personnel Act. Union Defendants lack information and belief, and on that basis deny all other allegations of Paragraph 17.

18. Union Defendants admit that, according to CWA Local 7076's records, Plaintiff McCutcheon is an employee of the State of New Mexico Department of Information

Technology, a government agency of the State of New Mexico. Union Defendants lack information and belief, and on that basis deny all other allegations of Paragraph 18.

19. Union Defendants admit that, according to CWA Local 7076's records, Plaintiff McCutcheon was moved to a non-bargaining unit position in June of 2008, and then moved back to a bargaining unit position on September 26, 2016. Union Defendants admit that, according to CWA Local 7076's records, while Plaintiff was in the non-bargaining unit position, he did not pay dues or fair share fees. Union Defendants lack information and belief, and on that basis deny all other allegations of Paragraph 19.

20. Union Defendants lack information and belief, and on that basis deny the allegations of Paragraph 20.

21. Union Defendants admit that, according to CWA Local 7076's records, Plaintiff McCutcheon completed and signed both a CWA Membership Application and an Authorization of Deduction from Salary Equivalent Union Dues on April 21, 2017. Union Defendants deny all other allegations of Paragraph 21.

22. Union Defendants admit that the "Membership Application" section of the card that Plaintiff McCutcheon signed on April 21, 2017, states "Yes, I want Communications Workers of America to be my collective bargaining representative, and I accept membership in the Union. I authorize you to deduct Union dues from my pay and send them to CWA."

23. Union Defendants admit that the "Authorization of Deduction from Salary Equivalent Union Dues" section of the card, which Plaintiff McCutcheon signed on April 21, 2017, includes the quoted language.

24. Union Defendants refer the Court to the language of the membership application

and dues authorization, which speaks for itself, and otherwise deny the allegations of Paragraph 24.

25. Union Defendants admit that, until the decision in *Janus v. AFSCME Council 31*, 138 S.Ct. 2448 (2018) issued on June 27, 2018, pursuant to New Mexico state law and the terms of the collective bargaining agreement, all bargaining unit employees – including Plaintiff McCutcheon – could choose either to voluntarily join the union and pay dues in exchange for membership rights and benefits, or decline to join the Union and pay a portion of fair share fees for the cost of activities directly related to the Union's core representational responsibilities, i.e., collective bargaining, contract administration and grievance adjustment. Union Defendants admit that Plaintiff was a Union member. Union Defendants deny all other allegations of Paragraph 25.

26. Union Defendants deny all allegations of Paragraph 26.

27. Union Defendants deny all allegations of Paragraph 27.

28. Union Defendants admit that Plaintiff McCutcheon's dues deductions ceased after June 27, 2018. Union Defendants admit that dues deducted from Plaintiff pursuant to his union membership agreement prior to June 27, 2018 were not returned to Plaintiff. Union Defendants deny all other allegations of Paragraph 28.

29. Union Defendants admit that, according to CWA Local 7076's records, Plaintiff McCutcheon requested in writing to resign his union membership and terminate his dues deductions on July 7, 2018. Union Defendants admit that CWA Local 7076 responded to Plaintiff that his membership resignation request was submitted for processing. Union Defendants lack information and belief, and on that basis deny the allegation that Plaintiff

expended his own personal funds to pay for the cost of mailing his request to the Union. Union Defendants deny all other allegations of Paragraph 29.

30. Union Defendants admit that, in September 2018, the State of New Mexico resumed deducting dues from Plaintiff McCutcheon's wages, pursuant to his signed membership and dues deduction authorization agreement alleged in Paragraph 21. Union Defendants admit that the amount of dues deducted from Plaintiff's wages was $31.38 per paycheck from September 2018 until December 2018. Union Defendants lack information and belief, and on that basis deny the allegation that Plaintiff expended his own personal funds to pay for the cost of mailing his written dues authorization revocation notice. Union Defendants deny all other allegations of Paragraph 30.

31. Union Defendants admit that, prior to April 29, 2019, the collective bargaining agreement in effect between Local 7076 and the State contained the quoted language in Paragraph 31. Union Defendants deny all other allegations of Paragraph 31.

32. Union Defendants admit that, prior to April 29, 2019, the collective bargaining agreement contained the quoted language in Paragraph 31. Union Defendants refer the Court to the language of the collective bargaining agreement, which speaks for itself, and otherwise deny the allegations of Paragraph 32.

33. Union Defendants deny all allegations of Paragraph 33.

34. Union Defendants deny all allegations of Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 35.

36. Union Defendants admit that Plaintiff purports to bring this case as a class action

pursuant to Fed. R. Civ. P. 23. Union Defendants deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 36.

37. Union Defendants deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 37.

38. Union Defendants deny that the putative classes are sufficiently numerous that joinder would be impracticable. Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 38.

39. Union Defendants deny that there are common questions of law or fact as to all members of the putative classes. Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 39.

40. Union Defendants deny that Plaintiff McCutcheon has claims that are typical of the putative "Full Dues" class. Union Defendants deny that the defenses to Plaintiff's claims are common or typical. Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 40.

41. Union Defendants deny that Plaintiff McCutcheon has claims that are typical of the putative "Dues Revocation" class. Union Defendants deny that the defenses to Plaintiff's claims are common or typical. Union Defendants further deny liability to Plaintiff, the alleged

7

classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 41.

42. Union Defendants deny that Plaintiff McCutcheon can fairly and adequately represent the interests any putative class. Union Defendants lack information and belief, and on that basis, deny that Plaintiff has no conflict nor interest antagonistic to other putative class members. Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 42.

43. Union Defendants lack information and belief, and on that basis, deny the allegations of Paragraph 43. Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis also deny the allegations of Paragraph 43.

44. Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all allegations of Paragraph 44.

45. Union Defendants deny that the putative "Full Dues" and "Dues Revocation" classes are maintainable under Fed. R. Civ. P. 23(b)(1)(A). Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 45.

46. Union Defendants deny that the putative "Full Dues" and "Dues Revocation" classes are maintainable under Fed. R. Civ. P. 23(b)(1)(B). Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of

any class or classes is proper, and on that basis deny all other allegations of Paragraph 46.

47. Union Defendants deny that the putative "Full Dues" and "Dues Revocation" classes are maintainable under Fed. R. Civ. P. 23(b)(2). Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 47.

48. Union Defendants deny that the putative "Dues Revocation" class is maintainable under Fed. R. Civ. P. 23(b)(3). Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 48.

49. Union Defendants deny that "[t]he Dues Revocation class action" is superior to other available methods for adjudicating the present controversy. Union Defendants further deny liability to Plaintiff, the alleged classes, and any class members, and deny that certification of any class or classes is proper, and on that basis deny all other allegations of Paragraph 49.

50. Union Defendants reincorporate their responses to Paragraphs 1-49 of the Second Amended Complaint.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 51.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 52.

53. Paragraph 53 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the

extent that a response is required, Union Defendants deny all allegations of Paragraph 54.

55. Union Defendants deny all allegations of Paragraph 55.

56. Union Defendants deny all allegations of Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 58.

59. Union Defendants deny all allegations of Paragraph 59.

60. Union Defendants deny all allegations of Paragraph 60.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 65.

66. Union Defendants deny all allegations of Paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 67.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent that a response is required, Union Defendants deny all allegations of Paragraph 68.

69. Union Defendants deny all allegations of Paragraph 69.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiff's claim is barred in part by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Good Faith)**

Plaintiff's claim is barred, in whole or in part, because Union Defendants acted in good faith based on the law in effect at the time.

### FOURTH AFFIRMATIVE DEFENSE

**(Equitable Defenses)**

Plaintiff's claim is barred, in whole or in part, by the doctrines of estoppel, waiver, consent, unclean hands, and/or unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

**(Contract)**

Plaintiff's claim is barred, in whole or in part, by a valid and enforceable contract. Any finding of liability would result in unjust enrichment to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

## (Mootness – Injunctive Relief)

Plaintiff's demand for injunctive relief is moot because the Union and the State have already terminated dues deduction from Plaintiff, and because CWA Local 7076 and the State of New Mexico have entered into a Memorandum of Understanding ("MOU") replacing and superseding the terms of Article 4, section 1a and 1c of the collective bargaining agreement.

## SEVENTH AFFIRMATIVE DEFENSE

## (Mootness – Declaratory Relief)

Plaintiff's demand for declaratory relief is moot because the Union and the State have already terminated dues deduction from Plaintiff, and because CWA Local 7076 and the State of New Mexico have entered into a Memorandum of Understanding ("MOU") replacing and superseding the terms of Article 4, section 1a and 1c of the collective bargaining agreement.

## EIGHTH AFFIRMATIVE DEFENSE

## (Mootness – Compensatory Damages – Plaintiff and Putative "Dues Revocation" Class)

Plaintiff's demand for compensatory damages on behalf of himself and the putative "Dues Revocation" class is moot because the Union has mailed full, unconditional refunds to all known persons in the bargaining unit, including Plaintiff, who attempted to terminate their dues deduction authorization prior to the revocation window period and subsequently terminated dues deductions during the December 2018 window period, for the amount of any dues deducted between the date that they requested to terminate deductions and the revocation window period.

### NINTH AFFIRMATIVE DEFENSE

### (Non-Retroactivity)

Plaintiff's claim for monetary relief is barred because the Supreme Court's decision in *Janus v. AFSCME Council 31* does not apply retroactively.

### TENTH AFFIRMATIVE DEFENSE

### (No State Action)

Plaintiff's claim is barred, in whole or in part, because there is no state action.

### ELEVENTH AFFRMATIVE DEFENSE

### (Lack of Case or Controversy)

Plaintiff's claim is barred, in whole or in part, because there is no live case or controversy.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claim is barred, in whole or in part, by the doctrine of accord and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claim is barred, in whole or in part, by failure to exhaust administrative remedies, including but not limited to remedies available through the Public Employee Labor Relations Board.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Deductions Authorized by State Law)

Plaintiff's claim is barred, whole or in part, by state law, including but not limited to

NMSA 1978, § 10-7E-17(C), which authorizes the deductions at issue.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Class Action not Maintainable Under Federal Rule of Civil Procedure 23 – "Full Dues" Class)**

The claims alleged in the Second Amended Complaint on behalf of the putative "Full Dues" class may not be properly certified or maintained as a class action. The claims in the Second Amended Complaint may not be properly certified because the putative class members are not readily ascertainable. This case is not appropriate for class treatment because the class is not sufficiently numerous as to make joinder impracticable. Plaintiff is not an appropriate class representative because his claims are not common and/or typical of the claims of the purported class members, which are subject to numerous individualized defenses. The claims in the Second Amended Complaint are inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over individual issues raised by the claims in the Second Amended Complaint, and Plaintiff, and his counsel, would not adequately represent the putative class members. This case is not appropriate for class treatment because class treatment is not the superior method for resolving the alleged claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Class Action Not Maintainable Under Federal Rule of Civil Procedure 23 – "Dues Revocation" Class)**

The claims alleged in the Second Amended Complaint on behalf of the putative "Dues Revocation" class may not be properly certified or maintained as a class action. The claims in the Second Amended Complaint may not be properly certified because the putative class

members are not readily ascertainable. This case is not appropriate for class treatment because the class is not sufficiently numerous as to make joinder impracticable. Plaintiff is not an appropriate class representative because his claims are not common and/or typical of the claims of the purported class members, which are subject to numerous individualized defenses. The claims in the Second Amended Complaint are inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over individual issues raised by the claims in the Second Amended Complaint, and Plaintiff, and his counsel, would not adequately represent the putative class members. This case is not appropriate for class treatment because class treatment is not the superior method for resolving the alleged claims.

## ADDITIONAL AFFIRMATIVE DEFENSES

The Union Defendants reserve the right to amend their answer to assert additional affirmative defenses based on further investigation and discovery.

WHEREFORE, the Union Defendants pray that the Court:

1. Deny Plaintiff's requests for class certification as to the putative "Full Dues" class, the putative "Dues Revocation" class, and, as to each of them, appointment of Plaintiff as class representative of either putative class, and appointment of Plaintiff's attorneys as class counsel for either putative class.

2. Deny Plaintiff any relief and enter judgment in favor of the Unions.

3. Award the Unions their costs and attorneys' fees.

4. Award the Unions such other and further relief as is just and proper.

Dated: May 30, 2019                    Respectfully submitted,

        */s/ Eileen B. Goldsmith*

Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
YOUTZ & VALDEZ, P.C.
900 Gold Avenue S.W.
Albuquerque, NM 87102
(505) 244-1200 – Telephone

Scott Kronland (*pro hac vice*)
skronland@altshulerberzon.com
Eileen B. Goldsmith (*pro hac vice*)
egoldsmith@altshulerberzon.com
Stefanie Wilson (*pro hac vice*)
swilson@altshulterberzon.com
ALTSHULER BERZON LLP
177 Post Street Suite 300
San Francisco, CA 94108
(415) 421-7151 – Telephone

Stanley M. Gosch (*pro hac vice*)
stan@rosenblattgosch.com
ROSENBLATT & GOSCH, PLLC
8085 East Prentice Avenue
Greenwood Village, CO 80111
(303) 721-7399 – Telephone

*Attorneys for Defendants Communications Workers of America, Local 7076, and Communications Workers of America*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was electronically filed and served through the CM/ECF system this 30th day of May, 2019, on all registered parties.

Colin L. Hunter
Barnett Law Firm
1905 Wyoming Blvd. NE
Albuquerque, New Mexico 87112
colin@theblf.com

Milton L. Chappell
Ángel J. Valencia
National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA 22160
mlc@nrtw.org
ajv@nrtw.org
*Attorneys for Plaintiff David McCutcheon*

Lawrence M. Marcus
Park & Associates, LLC
3840 Masthead St., NE
Albuquerque, NM 87109
lmarcus@parklawnm.com
*Attorney for Defendant Pam Coleman*


By:   */s/ Eileen B. Goldsmith*
         Eileen B. Goldsmith